Gregory K. Nelson, Esq., CSB No. 203029
Email: nelson@weeksnelson.com
Gregory N. Suhr, CSB No. 328967
Email: gsuhr@weeksnelson.com
WEEKS NELSON
16236 San Dieguito Road, Suite 5-23
P.O. Box 675963
Rancho Santa Fe, CA 92067
Telephone: (858) 794-2140

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **CRBN PICKLEBALL, LLC,** a California limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>**CARBON PICKLE,** a Chicago business entity, and **DOES 1-10**,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF:**<br>  (1) **COMMON LAW TRADEMARK INFRINGEMENT;**<br>  (2) **FALSE DESIGNATION OF ORIGIN [15 U.S.C. §1125(a)];**<br>  (3) **UNFAIR BUSINESS PRACTICES [California Business & Professions Code §§ 17200** *et seq.***]**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff CRBN Pickleball, LLC (hereinafter referred to as "CRBN" or "Plaintiff") hereby complains of Defendant Carbon Pickle (hereinafter referred to as "Carbon Pickle" or "Defendant") and alleges as follows:

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over this federal trademark infringement action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. § 1331. The Court has pendent jurisdiction of the claims alleged herein arising under state law pursuant to 28 U.S.C. §§ 1338(b) and 1367(a).

2. Venue is proper under 28 U.S.C. §§ 1391 because Defendant promotes, offers for sale, and sells its products under its infringing name to persons residing in this district, which promotions and sales violate Plaintiff's trademark rights and cause harm to Plaintiff in this district.

## THE PARTIES

3. Plaintiff CRBN Pickleball, LLC is a California limited liability company organized and existing under the laws of the State of California, having its principal place of business in Costa Mesa, California. Plaintiff is engaged in the business of selling pickleball paddles and other pickleball equipment. Plaintiff has used the mark "CRBN PICKLEBALL" since roughly August 4, 2021, including on its website and social media accounts, on products, and on product packaging.

4. Per its website, Defendant Carbon Pickle is located at 917 W Washington Blvd., Chicago, IL 60607. Carbon Pickle is engaged in the business of promoting and selling pickleball paddles online. It began using the mark "CARBON PICKLE" to promote, offer for sale, and sell pickleball paddles in or around September 2023.

5. A search of the Illinois' Secretary of State website reveals that there is no business entity named "Carbon Pickle" in that state. And a search of Cook County's "Assumed Business Name" database reveals that the name "Carbon Pickle" has not been registered as an assumed business name of any other entity or

individual. It seems likely that another business entity or group of entities or an individual or group of individuals uses the name "Carbon Pickle" as an unregistered fictitious business name and have not formed any formal business entity by that name.

6. Given the lack of clarity explained directly above, Plaintiff names DOES 1-10 as Defendants. Plaintiff is unaware of the identities of DOES 1-10. DOES 1-10 are an entity or group of entities or individual or group of individuals who sell pickleball paddles online under the name "Carbon Pickle." Once Plaintiff is aware of the names of these DOE Defendants, Plaintiff will amend its complaint forthwith.

## FACTUAL BACKGROUND

7. CRBN is based in Costa Mesa, California. The company has been using the "CRBN PICKLEBALL" mark to promote, offer for sale, and sell pickleball equipment, including pickleball paddles, since roughly August 4, 2021. Since that time, CRBN's use of the mark "CRBN PICKLEBALL" for the promotion and sale of pickleball equipment has been uninterrupted and continues into the present. CRBN has continuously used the mark "CRBN PICKLEBALL" on its website and social media accounts, third party ecommerce websites, on products, and on product packaging.

8. CRBN is a well-known and popular pickleball equipment company, which the following non-exhaustive list of examples demonstrates:

    a. The company has over 12,000 followers on Instagram.

    b. Total Pickleball, a popular ecommerce website for pickleball products, lists CRBN as one of its popular brands. *See* https://www.totalpickleball.com/brands.html.

    c. Several other popular pickleball ecommerce websites, including but not limited to pickleballcentral.com, pickleballsuperstore.com,

pickleballgalaxy.com, and thepicklrshop.com, list various of CRBN's pickleball paddles as top-selling products on their websites.

d. CRBN regularly garners positive reviews from popular pickleball-focused YouTube accounts, such as Briones Pickleball (which has over 58,000 subscribers on YouTube) and Pickleball Studio (which has over 23,000 subscribers on YouTube).

e. CRBN regularly garners positive reviews from popular online pickleball publications, such as The Pickleball Dinks, who listed CRBN as a "top tier brand." *See* [https://thepickleballdinks.com/post/ranking-pickleball-paddle-brands](https://thepickleballdinks.com/post/ranking-pickleball-paddle-brands).

9. Clearly, the pickleball industry and the consuming public have come to recognize CRBN as an established and successful business with top-of-the-line pickleball products. Owing to CRBN's dedication to the development of high-quality products and the substantial resources CRBN has spent and continues to spend promoting its company and products under "CRBN PICKLEBALL" mark, the "CRBN PICKLEBALL" mark is a distinctive identifier of the source of CRBN's top-selling pickleball products.

10. The present lawsuit arises from Defendant's use of the mark "CARBON PICKLE." Defendant has used and continues to use the "CARBON PICKLE" mark since roughly September 2023 to promote, offer for sale, and sell its pickleball paddles through its website and social media accounts. Carbon Pickle sells and ships its pickleball paddles under the "CARBON PICKLE" mark to persons residing anywhere in the United States, including persons in this district.

11. The "CRBN PICKLEBALL" and "CARBON PICKLE" marks are confusingly similar. While CRBN omits vowels from the word "carbon" in the "CRBN PICKLEBALL" mark, persons in the pickleball industry and in the general public regularly pronounce "CRBN" as "carbon," which is how CRBN pronounces

the term and as CRBN intends for the public to pronounce the term. Furthermore, Carbon Pickle has posted a promotional video to its Facebook page wherein the company refers to itself as "Carbon Pickleball."

12. CRBN and Carbon Pickle also promote and sell the same products (namely, pickleball paddles) through the same channels (namely, through social media and via their commercial websites).

13. Given the substantial overlap in names, products, and trade channels, the likelihood of confusion between the "CRBN PICKLEBALL" and "CARBON PICKLE" marks is readily apparent.

14. Indeed, there is evidence of actual confusion in this case. Several customers of Carbon Pickle have contacted CRBN's customer service team to inquire into when Carbon Pickle would fulfill the customers' paddle orders or to complain about Carbon Pickle's purportedly undisclosed shipping fees. It is not hard to imagine why these customers are confused. When one performs a Google search for the term "Carbon Pickle," for example, Defendant's website is the first to appear and Plaintiff's website is the second to appear in the search results.

15. Defendant does not have Plaintiff's permission to use the "CARBON PICKLE" mark or any other mark confusingly similar to the "CRBN PICKLEBALL" mark.

16. The marketing and sale of Carbon Pickle's products under the "CARBON PICKLE" mark will damage CRBN's exclusive rights in the "CRBN PICKLEBALL" mark, erode CRBN's goodwill associated with its "CRBN PICKLEBALL" mark, lead consumers seeking CRBN's products to Carbon Pickle, dissuade potential customers from buying CRBN products, and otherwise cause consumers to falsely associate Carbon Pickle's and its products with CRBN and its products or vice versa.

17. CRBN has demanded via a cease-and-desist letter and several follow up emails that Carbon Pickle cease its wrongful conduct. Over the course of over

a month of communications, Carbon Pickle has refused CRBN's demand. Owing to these communications, Carbon Pickle is on actual notice of CRBN's exclusive rights in the "CRBN PICKLEBALL" mark. Accordingly, Carbon Pickle's continuing infringement is willful.

18. Defendant's use of the "CARBON PICKLE" mark has and will result in lost sales and has and will continue to injure CRBN's reputation in amounts not yet determined. Further, the amount of profits realized by Defendant owing to its use of the "CARBON PICKLE" mark are presently unknown to CRBN and cannot be ascertained without an accounting.

19. Defendant's actions are irreparably injuring CRBN and will continue unless and until enjoined by this Court.

## FIRST CLAIM FOR RELIEF

### False Designation of Origin, Unfair Competition, and False Description Under 15 U.S.C. § 1125(a)

20. The allegations of the foregoing paragraphs are restated and realleged as though fully set forth herein.

21. CRBN is popular and widely recognized in the pickleball industry and among the consuming public for its high quality pickleball products, which are sold under the "CRBN PICKLEBALL" mark, which mark is recognized as emanating from CRBN. CRBN has continuously used the "CRBN PICKLEBALL" mark to promote and sell pickleball products since roughly August 4, 2021. CRBN uses the "CRBN PICKLEBALL" mark on its website and social media accounts, third party e-commerce websites, on products, and on product packaging.

22. CRBN reasonably believes, and thereupon alleges that Carbon Pickle was aware of the "CRBN PICKLEBALL" mark prior to Carbon Pickle's first use of the "CARBON PICKLE" mark in roughly September 2023. CRBN believes that Defendant chose the "CARBON PICKLE" mark to obtain a free ride on the goodwill and reputation of CRBN.

23. Carbon Pickle's use of the "CARBON PICKLE" mark on identical goods as those sold by CRBN and in the same trade channels as those used by CRBN constitutes a false designation of origin, a false description or representation of services and goods, and wrongfully and falsely represents to the consuming public that Carbon Pickle and its products are associated with CRBN and its products or vice versa.

24. These acts amount to utilizing a false designation of origin and a false description or representation in interstate commerce to compete unfairly with CRBN within the meaning of 15 U.S.C. § 1125(a).

25. As a direct and proximate result of Defendant's use of the "CARBON PICKLE" mark, Defendant has damaged and will continue to damage CRBN's goodwill and reputation and has caused and is likely to continue to cause a loss of sales and profits for CRBN. Defendant's actions have caused and will continue to cause irreparable harm to CRBN and the public, which is confused by Defendant's unauthorized use, unless restrained and enjoined by this Court. CRBN has no adequate remedy at law to prevent Defendant from continuing its infringing actions and injuring CRBN.

26. CRBN is informed and believes, and thereupon alleges, that Defendant has derived, received, and will continue to derive and receive from the aforesaid acts of infringement, gains, profits, and advantages in an amount not yet ascertainable, but will be determined at the time of trial. CRBN seeks compensation in an amount equal to its lost profits or Defendant's profits pursuant to 15 U.S.C. § 1117.

… … …

… … …

… … …

… … …

## SECOND CLAIM FOR RELIEF

## Trademark Infringement and Unfair Competition

## (Common Law California)

27.  The foregoing allegations are restated and realleged as though fully set forth herein.

28.  "To state a claim of trademark infringement under California common law, a plaintiff need allege only 1) their prior use of the trademark and 2) the likelihood of the infringing mark being confused with their mark. *Wood v. Apodaca*, 375 F. Supp. 2d 942, 947–48 (N.D. Cal. 2005).

29.  The "CRBN PICKLEBALL" mark has been in continuous use in commerce in connection with CRBN's company and pickleball equipment since at least as early as August 4, 2021. Since then, the mark has appeared and continues to appear clearly on CRBN's website and on third party e-commerce websites, CRBN's social media accounts, and on CRBN's products and packaging. Moreover, as alleged above, CRBN is well-known and respected in the pickleball industry and lauded for its top-selling, high-quality products, all sold under the "CRBN PICKLEBALL" mark.

30.  Carbon Pickle began using the "CARBON PICKLE" mark to sell pickleball paddles online in roughly September 2023, well after CRBN began using the "CRBN PICKLEBALL" mark. Carbon Pickle's use is without CRBN's authorization.

31.  There is a likelihood of confusion given the similarity of the marks and the overlap in the products sold and trade channels used by Plaintiff and Defendant. Indeed, for example, when one performs a Google Search for "Carbon Pickle," Defendant's website appears first in the search results, and Plaintiff's website appears second in the search results. Consumers are likely to falsely believe that Carbon Pickle's products are associated with CRBN and its products or vice versa.

32. As a result of Defendant's use of the "CARBON PICKLE" mark, Defendant has damaged and will continue to damage CRBN's goodwill and reputation and has caused and is likely to continue to cause a loss of sales and profits for CRBN. Defendant's actions have caused and will continue to cause irreparable harm to CRBN and the public, which is confused by Defendant's unauthorized use, unless restrained and enjoined by this Court. CRBN has no adequate remedy at law to prevent Defendant from continuing its infringing actions and injuring CRBN.

33. CRBN is informed and believes, and thereupon alleges, that Defendant has derived, received, and will continue to derive and receive from the aforesaid acts of infringement, gains, profits, and advantages in an amount not yet ascertainable, but will be determined at the time of trial. CRBN seeks compensation in an amount equal to its lost profits or Defendant's profits.

### THIRD CLAIM FOR RELIEF

**Unfair Competition under California Bus & Prof. Code § 17200,** *et seq.*

34. The foregoing allegations are restated and realleged as though fully set forth herein.

35. The actions of Defendant described herein constitute unlawful, unfair and fraudulent business acts and practices, within the meaning of and in violation of California Business & Professions Code § 17200 *et seq.*

36. Defendant's use of the "CARBON PICKLE" mark has caused, and is likely to continue to cause confusion, mistake and deception amongst consumers, creating a belief that Defendant's goods are associated, connected to, affiliated with, authorized by, endorsed by, and/or sponsored by CRBN or the inverse correlation. CRBN believes that Carbon Pickle chose the "CARBON PICKLE" mark to trade on CRBN's substantial goodwill. And given the parties' recent correspondence, Carbon Pickle's continued use of the "CARBON PICKLE" mark is with full knowledge of CRBN's exclusive right to the "CRBN PICKLEBALL" mark. All

acts alleged herein constitute unfair competition by Defendant in violation of California Business & Professions Code § 17200 *et seq.*

37. As a result of these acts, Defendant has received and will continue to receive sales and profits generated from its unfair acts.

38. Pursuant to California Business & Professions Code § 17203, Plaintiff seeks an order from this Court prohibiting Defendant from engaging or continuing to engage in the unlawful, unfair, or fraudulent business acts or practices set forth in this Complaint.

**WHEREFORE**, Plaintiff prays for judgment against Defendant as follows:

1. For damages in an amount to be proven at trial for the above alleged claims, including but not limited to multiple damages for willful infringement;

2. For an injunction by this Court prohibiting Defendant from:

   A. Using the "CARBON PICKLE" mark, or any other mark confusingly similar to the "CRBN PICKLEBALL" mark, in connection with selling or providing pickleball goods or services;

   B. Committing any acts which may cause consumers to believe that Defendant or its goods and services are sponsored or authorized by, or are in any way associated with Plaintiff;

   C. Selling, passing off, or inducing or enabling others to sell or pass off any goods or services as associated with Plaintiff, which products are not Plaintiff's or are not produced under the control and supervision and approved by Plaintiff;

   D. Using any of Plaintiff's trademarks, including but not limited to "CRBN PICKLEBALL", in advertising, paid search ads, metatags, keywords, or other online search optimization; or

   E. Infringing Plaintiff's trademark rights in the "CRBN PICKLEBALL" mark;

3. That Defendant be directed to file with this court and serve upon CRBN within 30 days after entry of the injunction, a report in writing under oath, setting forth in detail the manner and form in which Defendant has complied with the injunction;

4. That Defendant be required to account to Plaintiff for any and all profits derived by it owing to Defendant's use of the "CARBON PICKLE" mark;

5. That Defendant be ordered to compensate Plaintiff for a marketing and advertising campaign needed to disassociate Plaintiff's products and Defendant's products, mitigate the damage caused by the likelihood of confusion, and to recoup its lost market share or damages to its marketing and reputation;

6. For an award of reasonable costs, expenses and attorneys' fees; and

7. Such other and further relief as the circumstances of this case may require and as this court may deem just and proper.

DATED: March 22, 2024                         WEEKS NELSON

/s/ *Gregory K. Nelson*
Gregory K. Nelson
Attorney for Plaintiff

**JURY DEMAND**

Plaintiff hereby requests a trial by jury in this matter.

DATED: March 22, 2024                         WEEKS NELSON

*/s/ Gregory K. Nelson*
Gregory K. Nelson
Gregory N. Suhr
Attorneys for Plaintiff